**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **PAUL JOSEPH PAVALONE,** : | |
| : | |
| **Plaintiff** : | **CIVIL ACTION NO. 3:13-2995** |
| : | |
| v. : | **(MANNION, D.J.)** |
| : | **(BLEWITT, M.J.)** |
| **FEDERAL BUREAU OF** | |
| **INVESTIGATION,** *et al.*, : | |
| : | |
| **Defendants** : | |

### MEMORANDUM

Pending before the court is a report and recommendation filed by Judge Blewitt on January 27, 2014 to which no objections have been filed. (Doc. No. 4). Judge Blewitt's report recommends the plaintiff's complaint filed pursuant to 42 U.S.C. §§1981, 1983, and 1985 for violations of his constitutional rights under the First, Fourth, Sixth, and Fourteenth Amendments, (Doc. No. 1), be dismissed without prejudice. Judge Blewitt determined the complaint should be dismissed because the plaintiff failed to prosecute his case in violation of Fed. R. Civ. Pro. 41. For the reasons discussed in Judge Blewitt's report, the case will be **DISMISSED**.

**I.     STANDARD OF REVIEW**

Where no objection is made to a report and recommendation, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ.

P. 72(b), advisory committee notes; *see also* *Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F.Supp.2d 465, 469 (2010) (citing *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every Report and Recommendation)). Nevertheless, whether timely objections are made or not, the district court may adopt, not adopt, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

## II.    DISCUSSION

The court is satisfied with Judge Blewitt's recommendation that the case be dismissed pursuant to Rule 41 and *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863 (3d Cir. 1984). Judge Blewitt thoroughly discussed and evaluated the relevant *Poulis* factors in light of the plaintiff's *pro se* status, his failure to prosecute, and his legally deficient complaint. In reviewing the complaint, the plaintiff fails to name a proper defendant and rather names two federal agencies, the Federal Bureau of Investigation and the Central Intelligence Agency. Both are improper defendants to a *Bivens* action. *FDIC v. Meyer*, 510 U.S. 471, 485-86 (1994)(citing *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 396 (1972)). The plaintiff's complaint is also riddled with as many as twenty causes of action including harassment, political and religious persecution, slander, defamation, theft of intellectual property, unethical psychological and behavioral

experimentation, and false imprisonment. (Doc. No. 1). However, there are no factual allegations to guide the court as how the plaintiff supports these numerous claims. Judge Blewitt accurately characterized the complaint as "illegible and uncomprehensible." Beyond those deficiencies, the plaintiff has not responded to the court's order requiring he filed an amended complaint by December 31, 2013, (Doc. No. 3), and failed to file an objection to the instant report and recommendation. Despite being mailed copies of the order to his address of record, the plaintiff has had no contact with the court since he filed his incomplete and improper motion to proceed *in forma pauperis* on December 16, 2013. (Doc. No. 2). As such, dismissing this action pursuant to Rule 41 is appropriate and proper.

### III. CONCLUSION

For the reasons discussed above, Judge Blewitt's report and recommendation, (Doc. No. 4), is **ADOPTED IN FULL** and the plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE**. An appropriate order shall follow.

s/ *Malachy E. Mannion*<br>
**MALACHY E. MANNION**<br>
**United States District Judge**

**Date: February 21, 2014**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2013 MEMORANDA\13-2995-01.wpd